UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARK SPECKMAN,  )
           Movant,  )
   )
vs.  )   No. 1:07-cv-1112-SEB-JMS
   )   No. 1:05-006-CR-04-B/F
UNITED STATES OF AMERICA  )

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255**

    Mark Speckman ("Speckman") challenges his convictions for conspiracy to commit wire fraud, wire fraud, money laundering and conspiracy to commit money laundering. Although Speckman now seeks relief pursuant to 28 U.S.C. § 2255, the court finds that he is not entitled to the relief he seeks.

### Background

    The scope of relief available under § 2255 is narrow. The parameters of relief pursuant to a § 2255 motion have been reviewed by the Seventh Circuit:

> Section 2255 is not a way to advance arguments that could have been presented earlier–especially not when the arguments rest entirely on a statute. *See Reed v. Farley*, 512 U.S. 339 (1994). Although § 2255 ¶ 1 permits a collateral attack on the ground that 'the sentence was imposed in violation of the Constitution or laws of the United States,' only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a 'complete miscarriage of justice' has occurred. *Reed*, 512 U.S. at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Other 'non-constitutional errors which could have been raised on appeal but were not are barred on collateral review–regardless of cause and prejudice.' *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

*Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997) (footnote added; internal citations altered). Thus, relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). While the standard for reviewing a § 2255 motion is high, when the petitioner is acting *pro se* the complaint is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Speckman's sole claim here is that his trial counsel rendered ineffective assistance. The pleadings and files and record from the underlying criminal action are sufficient to permit a resolution of this claim without an evidentiary hearing. *See Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.), *cert. denied,* 429 U.S. 826 (1976).

## Discussion

Speckman's contentions of ineffectiveness are that his attorney, Mr. Tabbert,[1] failed to: 1) obtain admission into evidence a "signed and notarized Affidavit of Allocation of Funds document"; and 2) call several witnesses, including an expert.

The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 523 (quoting 466 U.S. at 687); *see also Kokoraleis v. Gilmore,* 131 F. 3d 692, 696 (7th Cir. 1997). With respect to the prejudice requirement, Speckman must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F. 3d 768, 773 (7th Cir. 2003).

In this case, and with respect to each of Speckman's specifications of attorney ineffectiveness, it is the required prejudice which he has not shown. That is, neither of his arguments of attorney ineffectiveness are sufficiently coherent or persuasive to show that

---

[1] Speckman does not raise any claims against co-counsel, Mr Pylitt.

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In relation to the admission of the document, Mr. Speckman even stated in his reply, "[t]here is obviously no way to now determine how the jury would have perceived it." This does not amount to a reasonable probability that but for Mr. Tabbert's failure to lay the proper foundation for admission of the document, the jury would have found Mr. Speckman not guilty. Speckman's concerns with the performance of Mr. Tabbert do not satisfy the *Strickland* standard. In particular, "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995). The Seventh Circuit continued:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. 'If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds.'

*Farr*, 297 F.3d at 658 (quoting *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995). The same is inescapably true as to Speckman's arguments that he was denied effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice.

## Conclusion

On the basis of the foregoing, therefore, Speckman's motion for relief pursuant to 28 U.S.C. § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/20/2007

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana